CHRISTOPHER E. THURSTON, RESPONDENT, *v.* WALTER B. DUFFY, APPELLANT.

*Manufacturing corporation* — 1848, *chap.* 40 — *liability of one holding stock issued in purchase of property.*

This action was brought to recover of the defendant, a stockholder in a corporation created under the manufacturing act of 1848, a debt due from the corporation. It appeared that the company, upon its organization, purchased from one of its trustees certain patent rights, and in payment thereof issued to him all of its capital stock amounting to 4,000 shares. Upon his surrendering this certificate, new certificates for eighty shares were issued to him, and certificates for 2,920 shares were re-issued to and apportioned among his co-trustees, none of whom paid any money therefor. No estimate as to the value of the

patent rights was made, and they were not as a matter of fact worth the par value of the stock issued for their purchase.

*Held,* that the defendant, who had received 2,700 of the shares so reissued, was personally liable for the debts of the company.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Smith & Hulett,* for the appellant.

*George E. Hyatt,* for the respondent.

DYKMAN, J.:

It is the object of this action to charge the defendant as a stockholder with individual liability for a debt of a corporation called the Morgan Sugar Skimming Company, organized under the general manufacturing act of 1848.

The action was tried and decided by a referee, who found in favor of the plaintiff, and judgment has been entered on his report. The appellant has made no case, but founds his appeal on the judgment-roll only, so that the facts found by the referee are to be assumed as true, and their legal effect on the defendant, alone, is to be determined. It is essential to the success of the defendant on this appeal thus made on the record alone, to show that the referee could in no view of the facts, as he has found them, decide in favor of the plaintiff. (*Agricultural Ins. Co.* v. *Barnard,* 96 N. Y., 525.)

So far from showing the law to be in his favor it is entirely plain that the facts found lead inevitably to a conclusion against him. It is a fundamental requirement of the general law of 1848 (chap. 40), and the amendatory law of 1853 (chap. 333), that the entire capital stock of corporations organized under those laws shall be paid in money, and the stockholders are individually liable for the debts of the company until that condition is complied with. With an evident intention to soften the rigors of that requirement and permit more freedom of action, it was also provided by the statute of 1853, that the trustees of such corporations might purchase property necessary for their business and issue stock to the amount of the value thereof in payment therefor, and the holders of such stock were exempted from all liability for the debts of the company. Under this last provision the defendant seeks immunity from the claim now presented, and so the question for our determination is presented.

The relevant and decisive facts are these: at the organization of the company a purchase was made from Lawrence, one of the trustees, of certain patents for an invention called the Morgan automatic sugar skimmer, for which a certificate of 4,000 shares of the stock of the company for the entire capital stock of $400,000 was issued. That certificate was delivered to Lawrence in payment for the patent rights.

Immediately thereafter Lawrence surrendered this certificate, and by his direction 2,920 shares of the stock so surrendered by him were reissued and apportioned among his co-trustees no one of whom paid any money therefor. The defendant who was the president of the company received 2,700 shares of the stock so reapportioned of the par value of $270,000 which he has continued to hold and for which he paid nothing. Only eighty shares were taken by Lawrence for the patent rights. The remaining 1,000 shares appear to have been reserved by the company. There was no estimate of the actual value of the patent rights at the time of the purchase, but they were not worth $400,000. A paramount object of this law was to require payment of all the capital stock of these corporations either in money or in property at a fair valuation and immunity to stockholders can be secured in no other manner, and the facts of this case do not place the defendant and his associates within the protection of the statute.

In the first place no money has has been paid by the defendant or any other person, and no tangible property has been purchased for the company. If the patent rights were useful or necessary for the business to be transacted by this corporation they were no security to the public or any person who should subsequently deal with it, and there was no security for creditors. In the next place they were not appraised, no valuation was placed upon them, and the whole capital stock of the company representing $400,000 was paid for them to one of the trustees who immediatately surrendered the same voluntarily and received back only $80,000 of stock, while the defendant received $270,000 for which he paid nothing.

These facts are sufficient to manifest a deliberate design to perpetrate a fraud on the law by an evasion of its provision and secure personal immunity by an assumed compliance with the statute, which was false and hollow in fact and existed on paper only. The

fraud was consummated by the issue of the stock, as paid up stock, when in fact it had not been paid for either in money or in property of equal value.

The case of *Douglass* v. *Ireland* (73 N. Y., 100) is ample authority for the legal propositions we have stated, and is decisive of this case.

We find no way of escape for the defendant and the judgment should be affirmed, with costs.

BARNARD, P. J., concurred.

PRATT, J., concurred in the result.

Judgment affirmed, with costs.